SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARANGAN NARASIMHAN, <br><br> Plaintiff, <br><br> v. <br><br> EMILIO T. GONZALEZ, Director of the U.S. Citizenship and Immigration Services; ALBERTO R. GONZALES, as Attorney General of the United States; MICHAEL CHERTOFF, in his Official Capacity, Secretary, United States Department of Homeland Security; <br><br> Defendants. | No. C 07-2449 PVT <br><br> **ANSWER** |

The Defendants hereby submit their answer to Plaintiff's Complaint for Declaratory Relief in the Nature of Mandamus.

**INTRODUCTION**

1. Paragraph One consists of plaintiff's conclusions of law for which no answer is required; however, to the extent that such allegations are deemed to require an answer, defendants deny the allegations contained in this paragraph.

2. Defendants admit that plaintiff filed his adjustment of status application on March 20, 2005.

3. Defendants admit that plaintiff was issued a H1-B temporary worker visa; however,

Answer
C07-2449 PVT                           1

defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

4. Defendants admit that the applications were filed on March 20, 2005; however, defendants are without sufficient information to admit or deny the remaining allegations in this paragraph.

5. Defendants are without sufficient information to admit or deny the allegations in Paragraph Five.

6. Defendants deny the allegations in Paragraph Six.

**JURISDICTION AND VENUE**

7. Paragraph Seven consists of plaintiff's allegation regarding jurisdiction, to which no responsive pleading is required.

8. Paragraph Eight consists of plaintiff's allegation regarding venue, to which no responsive pleading is required.

9. Paragraph Nine consists of plaintiff's allegation regarding intradistrict assignment, to which no responsive pleading is required.

**PARTIES**

10. Defendants admit that Plaintiff was issued an H1-B temporary work visa, and has filed the applications on March 20, 2005.

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants admit that Plaintiff filed his I-485 on March 20, 2005.

15. Defendants are without sufficient information to admit or deny the allegations in Paragraph Fifteen with the exception that plaintiff was issued an H1-B temporary non-immigrant visa.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants admit the allegations in Paragraph Seventeen with the exception that the applications were filed on March 20, 2005.

18. Defendants admit the allegations in Paragraph Eighteen.

19. Defendants admit the allegations in Paragraph Nineteen.

1  20. Defendants admit the allegations in Paragraph Twenty.

2  21. Defendants are without sufficient information to admit or deny the allegations in Paragraph
3  Twenty-One.

4  22. Defendants are without sufficient information to admit or deny the allegations in Paragraph
5  Twenty-Two.

6  23. Defendants are without sufficient information to admit or deny the allegations in Paragraph
7  Twenty-Three.

8  24. Defendants deny the allegations in Paragraph Twenty-Four.

## CAUSE OF ACTION

10  25. Defendants incorporate its responses to Paragraph One through Twenty-Four as if set forth
11  fully herein.

12  26. Paragraph Twenty-Six consists of plaintiff's conclusions of law for which no answer is
13  necessary; however, to the extent a responsive pleading is deemed necessary, defendants deny the
14  allegations in this paragraph.

15  27. Paragraph Twenty-Seven consists of plaintiff's conclusions of law for which no answer is
16  necessary; however, to the extent a responsive pleading is deemed necessary, defendants deny the
17  allegations in this paragraph.

18  28. Defendants admit the allegations in Paragraph Twenty-Eight with the exception that the
19  adjustment of status application was filed on March 20, 2005.

20  29. Defendants are without sufficient information to admit or deny the allegations in Paragraph
21  Twenty-Nine.

22  30. Paragraph Thirty consists of plaintiff's conclusions of law for which no answer is necessary.

23  31. Paragraph Thirty-One consists of plaintiff's conclusions of law for which no answer is
24  necessary.

25  32. Paragraph Thirty-Two consists of plaintiff's conclusions of law for which no answer is
26  necessary.

## PRAYER FOR RELIEF

28  33. Paragraph Thirty-Three consists of plaintiff's prayer for relief, to which no admission or

Answer
C07-2449 PVT                                       3

1 denial is required; to the extent a responsive pleading is deemed to be required, defendants deny this
2 paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court should dismiss the Complaint for Mandamus for lack for subject matter jurisdiction.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for defendants and against plaintiff, dismissing plaintiff' Complaint with prejudice; that plaintiff take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: July 13, 2007                                  Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

        /s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants

Answer
C07-2449 PVT                                  4